**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____

|  |  |
|---|---|
| ) | |
| GN AUDIO USA, INC. D/B/A JABRA,      ) | |
| ) | Civil Action No. |
| Plaintiff,      ) | |
| ) | **COMPLAINT** |
| v.      ) | |
| ) | |
| DIALECTIC DISTRIBUTION LLC D/B/A ) | |
| AMAZON SELLER "TECHMATIC,"      ) | |
| ) | |
| Defendant.      ) | |
| _____) | |

COMES NOW Plaintiff GN Audio USA, Inc. d/b/a Jabra ("Jabra" or "Plaintiff") by its undersigned counsel, and complains of Defendant Dialectic Distribution LLC d/b/a Amazon Seller "Techmatic" ("Dialectic" or "Defendant") conduct and alleges upon information and belief as follows:

## NATURE OF THIS ACTION

1.      Jabra seeks injunctive relief and monetary damages for Defendant's trademark infringement, false advertising, false designation of origin, and unfair competition under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), tortious interference with contract, and unfair and deceptive business practices in violation of M.G.L. c. 93A, arising from Defendant's illegal and unauthorized sale of materially different Jabra products through online commerce sites including but not limited to, Amazon.com.

2.      Jabra sells its products through a nationwide network of Authorized Resellers. Jabra's Authorized Resellers are contractually obligated to provide specific quality controls regarding the Jabra Products that they offer for sale and sell to consumers.

1

3.     Jabra also does not permit its Authorized Resellers to transship Jabra Products to other, unauthorized resellers.  Instead, Jabra permits its Authorized Resellers only to sell to end-users of Jabra products.

4.     Dialectic obtained the inventory of Jabra Products that it is offering for sale through the knowing solicitation and procurement of Jabra Products from one or more of Jabra's Authorized Resellers, through intentional and knowing interference with these Resellers' advantageous business relationships with Jabra, or by obtaining Jabra Products through fraudulent or illicit means.

5.     Dialectic has undertaken these wrongful acts with full knowledge that Jabra sells its products through an exclusive network of Authorized Resellers who receive specialized training regarding such products and the manner in which they are to be quality controlled, sold, and promoted, and that those Resellers are prohibited, under their Authorized Reseller Agreements or normal business practices with Jabra, from transshipping Jabra Products.

6.     Further, Jabra sells its products under the "Jabra" brand.  Jabra is the owner of a federally-registered trademark JABRA®, and has been the sole and exclusive owner of that trademark since 1995.

7.     Only Jabra Products purchased through Jabra Authorized Resellers are covered by Jabra's manufacturer's warranty.  Nevertheless, Dialectic offers for sale and sells purportedly "new" Jabra Products and advertises that the same are covered by the warranty.  Thus, a consumer purchasing a Jabra Product from Dialectic or any other unauthorized reseller does so with the reasonable expectation that the same will be covered by the Jabra warranty, when in fact it is not.  Put simply, Jabra Products bearing the Jabra trademark that are sold by unauthorized

resellers such as Dialectic are materially different from Jabra Products sold by Jabra or its Authorized Resellers.

8.      Consumers are likely to be and have been actually deceived by Dialectic's sale of Jabra Products that are materially different from products sold by Jabra and its Authorized Resellers.

9.      Dialectic's conduct has produced and, unless enjoined by this Court, will continue to produce a likelihood of consumer confusion and deception, to the irreparable injury of consumers and Jabra.

10.     As a result of Dialectic's actions, Jabra is suffering a loss of the enormous goodwill that Jabra has created in its trademarks and is losing profits from lost sales of products.

11.     This action seeks permanent injunctive relief and damages for Dialectic's trademark infringement, false advertising, false designation of origin, unfair competition, tortious interference with contract, and unfair and deceptive practices.

## **PARTIES**

12.     Plaintiff GN Audio USA, Inc. d/b/a Jabra is a Delaware corporation with its principal place of business in Lowell, Massachusetts.  Plaintiff is a headset manufacturer, and its headsets are marketed and sold in the United States under the "Jabra," "VXi," and "GN Netcom" brands.  GN Audio USA, Inc. is a subsidiary of GN Netcom A/S, which is a subsidiary of GN Store Nord A/S, both Danish corporations

13.     Defendant Dialectic Distribution LLC is a New Jersey limited liability company with its principal place of business in Fairfield, New Jersey.  Dialectic sells various products, including Jabra Products, online via Amazon.com Seller Account "Techmatic."  Dialectic's activities in the Commonwealth have been significant, as it has made substantial and regular

sales of infringing products bearing Jabra's trademarks to Massachusetts consumers.  Dialectic

has sold, and continues to regularly sell, products into Massachusetts and to Massachusetts

residents.

**JURISDICTION & VENUE**

14.     This Court has subject matter jurisdiction over the claims herein pursuant to 15

U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as the claims arise under the Trademark

Laws of the United States.  This Court has supplemental jurisdiction over the state law claim

herein under 28 U.S.C. § 1367.

15.     This Court has personal jurisdiction over Dialectic because Dialectic transacts

business in the Commonwealth of Massachusetts.  Dialectic offers for sale and sells Jabra and

other products on various websites viewed by consumers in the Commonwealth, and ships orders

to consumers located in the Commonwealth.  Specifically, Dialectic advertises and sells "new"

Jabra Products, which are materially different from Jabra Products sold by Jabra and / or its

Authorized Resellers, into the Commonwealth, causing harm to consumers therein.

16.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because some of

Dialectic's wrongful acts occurred in this judicial district, and because personal jurisdiction over

Dialectic exists here, as summarized above.

**FACTS COMMON TO ALL CLAIMS**

A.  **Jabra's Trademark Usage**

17.     Jabra is the owner of numerous validly existing and incontestable trademarks

registered with the U.S. Patent and Trademark Office, including the JABRA® brand and mark,

Reg. No. 1,900,419 (June 20, 1995) (the "Mark"), (among many others). [1]

---

[1] This is not an exhaustive list of Jabra's registered trademarks.

18.     Jabra is the sole and exclusive owner of the above federally registered Mark on the USPTO's Principal Register.  The Mark has been in continuous use since at least 1995.  Said registration is in full force and effect, and the Jabra Mark is incontestable pursuant to 15 U.S.C. § 1065.

19.     Jabra advertises, distributes, and sells its products to consumers under the Jabra Mark.

20.     Jabra has also acquired common law rights in the use of the Jabra Mark throughout the United States.

21.     Jabra's federal trademark registration was duly and legally issued, is valid and subsisting, and constitutes *prima facie* evidence of Jabra's exclusive ownership of the Jabra Mark.

22.     Jabra has invested significant time, money, and effort in advertising, promoting, and developing the Jabra Mark throughout the United States and the world.  Jabra has also implemented an Authorized Reseller Network in order to guarantee that Jabra Products sold to consumers meet high standards of quality control.  As a result of such actions, Jabra has established substantial goodwill and widespread recognition in its Jabra Mark, which has become associated exclusively with Jabra and its products by both customers and potential customers, as well as the general public at large.

**B.  Jabra's Authorized Reseller Network**

23.      To create and maintain such goodwill among its customers, Jabra has taken substantial steps to ensure that products bearing its Jabra Mark are of the highest quality.  As a result, the Jabra Mark has become widely known and recognized throughout the United States and the world as a symbol of high quality products.

24.     One of the most significant steps taken in this regard is Jabra's development of a network of authorized resellers in the United States ("Jabra Authorized Reseller" or "Authorized Reseller Network").

25.     Jabra requires that its Jabra Authorized Resellers execute an agreement (the "Authorized Reseller Agreement"), which prohibits the transshipment, diversion, or transfer of any Jabra Products to any other retail party or reseller.

26.     Jabra Products intended for sale in the United States are covered by Jabra's manufacturer's warranty, the terms of which can be accessed at: https://www.jabra.com/footerpages/warranty-and-service-consumer (the "Jabra Warranty").

27.     Only Jabra Products purchased from a Jabra Authorized Reseller qualify for the Jabra Warranty.  *See id.* ("A limited one-year warranty applies to all Jabra mobile products purchased from an authorized reseller."); *id.* (additional one year and two year dust and sweat resistance limited warranty "applies from the date of purchase . . . with proof of purchase from an authorized reseller").

C.  **Dialectic's Infringing and Improper Conduct**

28.     Dialectic has sold and is currently selling Jabra Products on online retail platforms, including but not limited to, Amazon.com.  Dialectic's Amazon Seller Account is named "Techmatic."

29.     Dialectic offers for sale and sells the Jabra Products using the Jabra Mark.

30.     Jabra has never authorized or otherwise granted Dialectic permission to use the Jabra Mark in the sale of its products or otherwise.

31.     Dialectic represents that the Jabra Products it lists for sale on Amazon.com and other websites are "new":



32.     By selling trademark Jabra Products as "new," Dialectic is representing to consumers that the Jabra Products they purchase from it will be covered by the Jabra Warranty. In fact, Dialectic's Amazon product listings *explicitly represent* that the Jabra Products it sells will be covered by "a 2-year warranty against water and dust (registration required)":



33.     However, the Jabra Warranty explicitly states that it only applies to Jabra Products purchased through a Jabra Authorized Reseller.  *See supra.*

34.     As Amazon consumer reviews prove, Dialect's blatant false misrepresentations are likely to deceive, and actually have deceived consumers into believing that the Jabra Products it offers for sale and sells are covered by the Jabra Warranty:



35.     Dialectic's false misrepresentations are material and likely to influence reasonable consumers' decisions to purchase Jabra Products from Dialectic versus a Jabra Authorized Reseller.

36.     To obtain the inventory of Jabra Products that Dialectic is offering for sale, Dialectic intentionally sought out, directly or indirectly, and purchased Jabra Products from one or more Authorized Resellers.

37.     Jabra Authorized Resellers have confirmed to Jabra that Dialectic has solicited them to purchase Jabra Products, in violation of their Authorized Reseller Agreements.

38.     In October 2016, Dialectic applied to become a Jabra Authorized Reseller, but its application was denied.

39.     Dialectic has at all times been aware of the terms of the Jabra Authorized Reseller Agreement, and has known that any Authorized Reseller it partnered with was contractually prohibited from selling Jabra Products to Dialectic.

40.     Therefore, all of Dialectic's illegal conduct described herein was undertaken knowingly and willfully.

**D.  The Likelihood of Confusion and Injury Caused by Dialectic's Actions**

41.     The sale of Jabra Products by unauthorized resellers interferes with Jabra's ability to control the quality of products bearing the Jabra Mark.

42.     Dialectic's sale of materially different Jabra Products results in consumer confusion as well as the dilution of Jabra's goodwill and trade name as consumers are not receiving the products they believe they are purchasing.

43.     Dialectic's sale of Jabra Products bearing the Jabra Mark, which are not covered by the Jabra Warranty, is likely to cause confusion and has caused actual confusion among consumers regarding Jabra's sponsorship or approval of those products.

44.     As a result of Dialectic's actions, Jabra is suffering the loss of the enormous goodwill it created in the Jabra Mark.

45.     Dialectic's continued acquisition, offering for sale, and sale of Jabra Products bearing the Jabra Mark has harmed, and continues to harm Jabra, and its relationships with its Authorized Resellers and consumers.

46.     Dialectic's unlawful, unfair, and deceptive conduct alleged above has injured and continues to injure Jabra, which has lost expected sales of Jabra Products.   Specifically, Dialectic's misconduct has caused consumers to purchase Jabra Products from Dialectic (an unauthorized reseller) rather than from Jabra or its Authorized Resellers, depriving Jabra of revenue it would have earned from direct sales or sales to Authorized Resellers.

47.     Dialectic's unauthorized sale of Jabra Products also injures Jabra by harming its distribution channels.   Jabra's business depends on maintaining and growing a network of loyal Authorized Resellers that can profitably resell Jabra Products at retail prices.   Unauthorized sellers, like Dialectic, have captured a share of Jabra's market by deceptively, unfairly, and unlawfully marketing and selling the Jabra Products it illegally obtained in competition with Jabra and its Authorized Resellers.

48.     Dialectic's deceptive, unfair, and unlawful conduct thus injures Jabra by discouraging current and potential Authorized Resellers from carrying Jabra Products.

49.     Jabra has previously contacted Dialectic on two occasions regarding its Authorized Reseller Network and the network's prohibition regarding transshipment of Jabra Products.

50.     Dialectic did not respond to either of Jabra's letters.

51.     Dialectic is likely to continue to commit the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to Jabra's irreparable harm.

## COUNT I
### (Trademark Infringement in Violation of 15 U.S.C. § 1114)

52.     Jabra hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

53.     This is a claim for federal trademark infringement under 15 U.S.C. § 1114.

54.     The acts of Dialectic alleged herein constitute the use in commerce, without the consent of Jabra, of a reproduction, counterfeit, copy, or colorable imitation of the Jabra Mark in connection with the sale, offering for sale, distribution, or advertising of goods, which use is likely to cause confusion or mistake, or to deceive consumers, and therefore infringe Jabra's rights in the Jabra Mark, all in violation of the Lanham Act.

55.     Dialectic has used, and continues to use, the Jabra Mark in the sale of purportedly "new" Jabra Products covered by a Jabra Warranty, that are not, in fact, covered by the Jabra Warranty.  Therefore, the products sold by Dialectic are materially different from those offered or sold by Jabra and / or its Authorized Resellers.

56.     Dialectic's infringing activities are likely to cause, are actually causing, and are willful and intended to cause, confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of such products, and constitute trademark infringement under 15 U.S.C. § 1114.

57.     Dialectic's use of the Jabra Mark in the advertisement or sale of materially different products demonstrates an intentional, willful, and malicious intent to trade on the goodwill associated with the Jabra Mark, thereby causing immediate, substantial, and irreparable injury to Jabra.

58.     As a direct and proximate result of Dialectic's actions, Jabra has been, and continues to be, damaged.  Dialectic has profited thereby, and, unless its conduct is enjoined, Jabra's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages.  Accordingly, Jabra is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

## COUNT II
**(False Advertising / False Designation of Origin / Unfair Competition, 15 U.S.C. § 1125(a))**

59.     Jabra hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

60.     Jabra engages in interstate activities designed to promote its goods and services sold, as well as the goodwill associated with the Jabra Mark, throughout the United States.

61.     The Jabra Mark has been, and will continue to be, known throughout the United States as identifying and distinguishing Jabra's Products and services.

62.     By selling or distributing products using the Jabra Mark that are materially different from those sold by Jabra and / or its Authorized Resellers as alleged herein, Dialectic is engaging in false advertising, unfair competition, falsely designating the origin of its goods and services, and/or falsely representing sponsorship by, affiliation with, or connection to Jabra and its goods and services in violation of 15 U.S.C. § 1125(a).

63.     As alleged herein, Dialectic has falsely stated in Amazon listings that the Jabra Products it sells are covered by the Jabra Warranty, when in fact they are not.

64.     Dialectic makes these false and misleading statements intentionally, willfully, and with full knowledge of the falsity thereof, with the intent to deceive and mislead potential consumers and to divert sales of Jabra Products from Jabra and / or its Authorized Resellers to Dialectic.

65.     By advertising or promoting products using the Jabra Mark that are materially different from those sold by Jabra as alleged herein, Dialectic is misrepresenting the nature, characteristics, and qualities of its goods and services in violation of 15 U.S.C. § 1125(a).

66.     Dialectic's continued use of the Jabra Mark constitutes the use in interstate commerce of a word, term, name, symbol, or device, or any combination thereof, or false designation of origin, in connection with the sale, or offering for sale, of goods in violation of 15 U.S.C. § 1125(a)(1)(A).

67.     Dialectic has used, and continues to use, the Jabra Mark to sell products that are materially different from those sold by Jabra in the United States, thereby creating a false designation of origin in violation of 15 U.S.C. § 1125(a), and Dialectic's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and public deception in the marketplace, and injury to Jabra's goodwill and reputation as symbolized by the Jabra Mark, for which Jabra has no adequate remedy at law.

68.     Dialectic's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Jabra Mark, thereby causing immediate, substantial, and irreparable injury to Jabra.

69.     By selling and advertising products under the Jabra Mark that are materially different from those sold by Jabra, Dialectic is using the Jabra Marks in connection with the sale, offering for sale, distribution, and/or advertising of goods and services to the public, without

Jabra's consent.  Dialectic is falsely designating the origin of its goods and services and/or falsely representing sponsorship by, affiliation with, or connection to, Jabra and its goods and services in violation of 15 U.S.C. 1125(a).  Accordingly, Jabra is entitled to a judgment of three times its damages and Dialectic's ill-gotten profits, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

70.     As a direct and proximate result of Dialectic's actions, Jabra has been, and continues to be, damaged.  Dialectic has profited thereby, and unless its conduct is enjoined, Jabra's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages.  Accordingly, Jabra is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

## COUNT III
### (Tortious Interference With Contract)

71.     Jabra hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

72.     At all relevant times, Jabra has had valid Authorized Resellers Agreements and/or business relationships with its Authorized Resellers of Jabra Products which prohibited the transshipment of Jabra Products to other resellers.

73.     At all relevant times, Dialectic had actual knowledge of Jabra's established contractual relationships with its Authorized Resellers, and were aware that Jabra's Authorized Reseller Agreements prohibit the transshipment, diversion, or transfer of any Jabra Products to any other party, directly or indirectly, including, without limitation, Dialectic.

74.     Jabra has learned that Dialectic have obtained significant inventories of Jabra Products, directly or indirectly, from one or more Authorized Resellers, and have offered for sale and sold, and continue to offer for sale and sell, such products through online commerce sites,

including, but not limited to, Amazon.com, to customers throughout the United States including, without limitation, within this judicial district.

75.     Dialectic could only obtain the large inventory of Jabra Products that it is offering for sale 1) through the knowing solicitation and procurement of Jabra Products from one or more Jabra Authorized Resellers, 2) through intentional, improper, and knowing interference with the Authorized Resellers' advantageous business relationships with Jabra, or 3) by obtaining Jabra Products from Authorized Resellers through fraudulent or illicit means.

76.      Dialectic has knowingly, wrongfully, maliciously, intentionally, and tortiously interfered with Jabra's contractual relationships by, among other things, soliciting, encouraging, inducing, and diverting sales of Jabra Products.  These actions have interfered with, impeded, and hindered Jabra's relationships with its Authorized Reseller Network, and have caused specific harm to Jabra's contract/business relationships with the Authorized Resellers from whom Dialectic improperly procured Jabra Products, and with other Authorized Resellers with whom Jabra has contracted.

77.     Dialectic has no privilege or justification for its actions.

78.     Dialectic's activities, as alleged, constitute tortious interference with a contract under the laws of the Commonwealth of Massachusetts.

79.      Dialectic has refused to desist from these wrongful acts, and therefore, Dialectic has indicated that it intends to continue its unlawful conduct, unless restrained by this Court.

80.     Dialectic's actions have proximately caused Jabra damage.

81.     Dialectic's actions have irreparably harmed Jabra and its incalculable goodwill in the Jabra brand, and, unless enjoined, will continue to do so in a manner affording Jabra no adequate remedy at law.

## COUNT IV
### (Unfair and Deceptive Practices, M.G.L. c. 93A)

82.     Jabra hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

83.     Jabra and Dialectic are in the conduct of trade or commerce within the meaning of M.G.L. c. 93A.

84.     As detailed above, Dialectic' continued interference and unauthorized sale of Jabra products constitutes an unfair and deceptive business practice.

85.     Dialectic' acts have irreparably harmed Jabra and, unless enjoined, will continue to do so in a manner affording Jabra no adequate remedy at law.

86.     Dialectic has refused to desist from these wrongful acts, and therefore Dialectic has indicated that it intends to continue its unlawful conduct, unless restrained by this Court.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff Jabra, Inc. prays for judgment in its favor and against Dialectic Distribution LLC d/b/a Amazon Seller "Techmatic," providing the following relief:

1.      Finding that, (i) as to Count I, Dialectic's unauthorized sale of materially different Jabra Products infringes on Jabra's registered trademarks, in violation of 15 U.S.C. § 1114; (ii) as to Count II, Dialectic's unauthorized sale of materially different Jabra Products constitutes false advertising, false designation of origin, and unfair competition, in violation of 15 U.S.C. § 1125(a); (iii) as to Count III, Dialectic has tortiously interfered with Jabra's contracts with Authorized Resellers in violation of the laws of the Commonwealth; and (iv) as to Count IV, Dialectic has engaged in willful unfair and deceptive trade practices in violation of Mass. Gen. Laws c. 93A; resulting in Dialectic, its officers, agents, servants,

employees, attorneys, and any other persons or entities acting in concert or participation with Dialectic, including but not limited to any online platform such as Amazon.com or any other website, website host, website administrator, domain registrar, or internet service provider, being preliminarily and permanently enjoined from:

a.  using the Jabra Mark or any other of Jabra's intellectual property;

b.  acquiring, or taking any steps to acquire, any Jabra Products in violation of Jabra's Authorized Reseller Agreements, or through any other improper or unlawful channels;

c.  selling, or taking any steps to sell, any Jabra Products unless Dialectic can substantiate with documentary evidence that the specific Jabra Products it is listing for sale were not acquired in violation of Jabra's Authorized Reseller Agreements, or through any other improper or unlawful channels;

d.  engaging in any activity constituting unfair competition with Jabra;

e.  inducing, assisting, or abetting any other person or entity in engaging in or performing any of the business activities described in the paragraphs above.

2.  Award Jabra its damages suffered as a result of Dialectic's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117 and M.G.L. c. 93A;

3.  Award Jabra its reasonable attorneys' fees in bringing this action as allowed by law;

4.  Award Jabra pre-judgment and post-judgment interest in the maximum amount allowed under the law;

5.  Award Jabra the costs incurred in bringing this action; and

6.      Grant Jabra such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Jabra hereby requests a trial by jury on all causes of action so triable.

Respectfully submitted,

Plaintiff,

GN Audio USA, Inc. d/b/a Jabra,

by its attorneys,

*/s/ Emily E. Gianetta*_____

Christopher S. Finnerty (BBO # 657320)
chris.finnerty@klgates.com
Emily E. Gianetta (BBO # 687585)
emily.gianetta@klgates.com
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
(617) 261-3100
(617) 261-3175

Dated: October 18, 2019